UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WILLIAM and LUCILLE HARRIS,

        Plaintiffs,

   v.

PACIFIC VALLEY NATIONAL BANK and WEST AMERICA BANK,

        Defendants.

NO. CIV. S-92-1653 WBS PAN[1]

MEMORANDUM AND ORDER RE: MOTION TO ENTER SATISFACTION OF JUDGMENT

----oo0oo----

        This case closed in late 1997.  However, in an effort to lift an abstract of judgment recorded against plaintiffs William and Lucille Harris in the state of California, plaintiffs now move the court to order entry of satisfaction of judgment. Counsel of record for defendants Pacific Valley National Bank and West America Bank has declined, after receiving notice of the motion, to respond.  Based upon plaintiffs' counsel's

---

[1] This case is closed and as such, it has not been assigned a new magistrate judge to replace retired Magistrate Judge Peter A. Nowinski.

1

1 observations, the court assumes that defendants' attorneys' lack
2 of response to the motion is based on the facts that (1) the firm
3 they were associated with when they represented defendants no
4 longer exists and (2) "the bank that they represented has been
5 merged into another institution." (Babitzke Decl. ¶ 6.)  The
6 court expresses no opinion on the accuracy of counsel's
7 perceptions.
8       Pursuant to California Civil Procedure Code § 724.050,
9 a "judgment debtor" or "the owner of real or personal property
10 subject to a judgment lien" may demand in writing, upon
11 satisfaction of the judgment, that the judgment creditor "[f]ile
12 an acknowledgment of satisfaction of judgment with the court."
13 Id. § 724.050 (a)(1).  "If the judgment creditor does not comply
14 with the demand within the time allowed, the person making the
15 demand may apply to the court on noticed motion for an order
16 requiring the judgment creditor to comply with the demand."  Id.
17 § 724.050(d).  Upon determining that the judgment has been
18 satisfied, "the court shall either (1) order the judgment
19 creditor to comply with the demand or (2) order the court clerk
20 to enter satisfaction of the judgment."  Id.
21       The "judgment" at issue here refers to a bill of costs
22 taxed against plaintiffs following the court's award of summary
23 judgment in defendants' favor.  (Apr. 28, 1998 Order Awarding
24 Costs 3 (awarding costs in the amount of $9,399.39).)
25 Plaintiffs' counsel represents that he paid this amount in full
26 on March 1, 1999. (Babitzke Decl. ¶ 5 & Ex. B.)
27       At some point, defendants filed an Abstract of Judgment
28 in Kern County which remains on record and is presently

2

1 | interfering with plaintiffs' attempts to sell real property in
2 | that jurisdiction.  (Id. ¶ 6 & Ex. C.)  Plaintiffs have asked
3 | defendants to file an acknowledgment of satisfaction of judgment
4 | with the court and defendants have refused to do so.  (Id. ¶ 6 &
5 | Ex. D.)
6 |         Accordingly, this dispute has reached a point where the
7 | court may intervene and, if the judgment has been satisfied,
8 | "either (1) order the judgment creditor to comply with the demand
9 | or (2) order the court clerk to enter satisfaction of the
10 | judgment".  Cal. Civ. Proc. Code § 724.050(d).  The evidence
11 | presented by plaintiffs clearly demonstrates that they have paid
12 | the amount required by the Abstract of Judgment entered by the
13 | clerk of this court and therefore an order for entry satisfaction
14 | of judgment is warranted.  (Babitzke Decl. Exs. B, C.)  Given
15 | defendants' refusal to respond to this motion, however, the court
16 | doubts that they will comply with an order from this court
17 | directing them to comply with plaintiff's demand.  Therefore, the
18 | court will, pursuant to California Civil Procedure Code §
19 | 724.050(d)(2), order the clerk to enter satisfaction of the
20 | judgment.  Assumedly, plaintiffs will be able to record such
21 | entry in Kern County and proceed with the sale of their property.
22 |         IT IS THEREFORE ORDERED that plaintiffs' motion for an
23 | order to enter satisfaction of judgment be, and the same hereby
24 | is, GRANTED.[2]  The clerk of this court shall enter satisfaction

---

[2] Plaintiffs request an award of attorneys' fees related to this motion; however, they failed to provide any supporting documentation, or even specify the amount, for the fees incurred. Accordingly, the court will not address this aspect of their motion.

of judgment.

DATED: August 31, 2006

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE